NOT FOR PUBLICATION

FEB 25 2015

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50207 |
| Plaintiff - Appellee, | |
| v. | D.C. No. 2:08-cr-01446-ODW |
| GABRIEL ARELLANO, a.k.a. Gab Arellano, a.k.a. Gabe Arellano, a.k.a. Gabriel Gasta Arellano, a.k.a. Gabriel Geta Arellano, a.k.a. Gabriel Arrellano, a.k.a. Gabriel Geata Arrellano, a.k.a. Gabb Dreamboys, a.k.a. Gabe, a.k.a. Gabriel A. Gaeta, a.k.a. Shacky, a.k.a. Shark, a.k.a. Sharky, a.k.a. Sparky, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, II, District Judge, Presiding

Submitted February 17, 2015 **

Before:    O'SCANNLAIN, LEAVY, and FERNANDEZ, Circuit Judges.

Gabriel Arellano appeals from the district court's judgment and challenges

his guilty-plea conviction and 60-month sentence for being an illegal alien found in

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the United States following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Arellano contends that his Sixth Amendment right to a speedy trial was violated by the three-year delay between his indictment and arrest. By pleading guilty, he waived this claim. *See United States v. Chon*, 210 F.3d 990, 995 (9th Cir. 2000) (upon entering conditional guilty pleas pursuant to Fed. R. Crim. P. 11(a)(2), defendants waived all other issues not expressly reserved for appeal).

Arellano next contends that the district court procedurally erred by failing to explain the sentence adequately. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The record reflects that the district court considered Arellano's arguments and sufficiently explained the sentence. *See United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc).

Finally, Arellano contends that the district court abused its discretion by imposing a substantively unreasonable sentence. The below-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) factors and the totality of the circumstances, including Arellano's extensive criminal history and the need for deterrence. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**

13-50207